# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JESSE JAMES PURCELL,** | ) | Civil Action No. 7:13-cv-00489 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **CARL MANIS,** | ) | By: Hon. Michael F. Urbanski |
| Respondent. | ) | United States District Judge |

Jesse James Purcell, a Virginia inmate proceeding with counsel, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge the judgment entered by the Circuit Court of Augusta County. Respondent filed a motion to dismiss, and the time for Petitioner to respond expired, making the matter ripe for disposition. After reviewing the record, the court grants Respondent's motion to dismiss because Petitioner procedurally defaulted his claims.

## I.

Petitioner pleaded guilty to participating in a criminal gang that participated in a criminal act, attempted first-degree murder, using a firearm while attempting to commit murder, conspiring to shoot at an occupied dwelling house, and two counts of shooting into an occupied dwelling house. The Circuit Court of Augusta County sentenced Petitioner to an active sentence of sixteen years' incarceration, and the Court of Appeals of Virginia and the Supreme Court of Virginia refused petitions for appeals.[1] The Supreme Court of Virginia also refused a petition for rehearing in which Petitioner argued that counsel advised him to plead guilty to receive a verbal plea offer of a five-year active sentence instead of the sixteen-year active sentence he received.

Petitioner filed a pro se petition for a writ of habeas corpus with the Circuit Court of Augusta County, which denied the petition on April 5, 2013. Petitioner appealed to the Supreme

---

[1] Petitioner argued on direct appeal that the sentence was "unjust" and exceeded the sentencing guidelines.

Court of Virginia, which dismissed the appeal because Petitioner failed to assign errors as required by Rule 5:17(c)(1)(i) of the Rules of the Supreme Court of Virginia.

Petitioner timely filed the instant petition, which presents the same two claims Petitioner tried to appeal to the Supreme Court of Virginia on habeas review. First, trial counsel allegedly rendered ineffective assistance by misrepresenting the existence of a plea offer. Second, Petitioner's guilty plea was wrongfully induced, involuntary, and unknowing because trial counsel misrepresented the existence of a plea offer.

## II.

A federal court "may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000).

Petitioner failed to exhaust available state habeas remedies when he did not perfect his habeas appeal to the Supreme Court of Virginia, and he may not refile the claims via a successive state petition for a writ of habeas corpus. VA. CODE § 8.01-654(B)(2). Consequently, the instant claims are treated as exhausted, and Petitioner procedurally defaulted these claims when the Supreme Court of Virginia declined to consider the claims' merits pursuant to Rule 5:17(c)(1)(i) of the Rules of the Supreme Court of Virginia, which is an adequate and

independent state procedural rule.[2]  Mueller v. Angelone, 181 F.3d 557, 583-84 (4th Cir. 1999). Petitioner does not attempt to describe cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default, and none appears in the record.  See, e.g., Coleman v. Thompson, 501 U.S. 722, 750 (1991) (permitting a federal court to review a procedurally defaulted claim if the petitioner establishes cause and prejudice or a fundamental miscarriage of justice).  Accordingly, the court must dismiss these procedurally defaulted claims.  See Harvey v. Horan, 278 F.3d 370, 380 (4th Cir. 2002) ("By every reckoning, a dismissal for procedural default is a dismissal on the merits.  It is critically different from a dismissal for failure to exhaust which does not prevent federal habeas review at a later date."), overruled in irrelevant part by Skinner v. Switzer, __ U.S. __, 131 S. Ct. 1289, 1293 (2011).

### III.

For the foregoing reasons, the court grants Respondent's motion to dismiss.  Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

Entered:  April 4, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[2] Describing the instant claims to the Supreme Court of Virginia via the petition for rehearing from the denial of his direct appeal does not qualify as "presenting" them for federal habeas review.  See Hedrick v. True, 443 F.3d 342, 365 n.1 (4th Cir. 2006) (recognizing that raising a new claim in a petition for rehearing does not fairly present the claim to the state's highest court).  The Supreme Court of Virginia does not adjudicate ineffective assistance of trial counsel claims on direct appeal, Johnson v. Commonwealth, 259 Va. 654, 529 S.E.2d 769 (2000), and the claim about a plea offer was barred by Rules 5A:18 and 5:25 because an appellate court may not consider for the first time a matter that was not disputed at the trial court.  See Jacques v. Commonwealth, 12 Va. App. 591, 405 S.E.2d 630 (1991).